[No. 19447. Department Two. April 15, 1926.]

CAPILANO TIMBER COMPANY, LIMITED, *Respondent*, v. BAHAMAS CUBAN COMPANY, LIMITED, *Appellant*.[1]

[1] SALES (6)—PARTIES—PARTICIPATION IN AND RELATION TO TRANS-ACTION—AGENCY. Findings that a sale of logs was made to the defendant, as principal, and not as agent of a mill to whom defendant ordered them shipped for manufacture into lumber, are sustained by defendant's letters and telegrams representing that it was buying the logs to manufacture into lumber for one of defendant's customers.

[2] SAME (6). Upon an issue as to whether plaintiff sold logs to defendant as a principal, rather than as agent for another, proof of an agency relation is properly excluded unless accompanied by proof that plaintiff was advised thereof, where defendant conducted all the negotiations in its own name.

[3] APPEAL (439) — HARMLESS ERROR — PLEADINGS — AMENDMENTS. Error cannot be assigned on refusing a trial amendment to the answer, where each side presented, without objection, their testimony on the issue, from which the court properly determined the same.

Appeal from a judgment of the superior court for King county, Hall, J., entered May 7, 1925, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Huffer, Hayden, Merritt, Summers & Bucey*, for appellant.

*Dan Earle* and *Peters & Powell*, for respondent.

[1] Reported in 244 Pac. 968.

MITCHELL, J.—This is an action on account for the purchase price of a raft of hemlock logs, sold and delivered by the plaintiff at North Vancouver, B. C., at the agreed price of $8,165.12, to the defendant, a foreign corporation, doing business in this state with an office in Seattle. The answer was a general denial. On the trial, findings, conclusions and judgment were for the plaintiff in the amount sued for. The defendant has appealed.

Dodwell & Company, a British corporation with an office in Seattle, was engaged in the exportation of lumber. It procured much of the lumber for its shipments from the appellant. It appears to be a fact that the appellant did not manufacture lumber, but procured it from a number of sawmills to fulfill its contracts with Dodwell & Company. One of such sawmills, largely financed by the appellant, was the Rogers Mill Company, a domestic corporation doing business at Anacortes, Washington. On behalf of the purchaser, the raft of logs was taken at North Vancouver by the Bellingham Tug & Barge Company for transportation into this country. The clearance papers for the exportation of the logs from Vancouver showed the shipment was made by the respondent and consigned to Rogers Mill Company, Anacortes, Washington. Marine insurance was effected upon order of the appellant through Dodwell & Company and thence through the respondent.

The policy, delivered to the appellant, recites that it was issued upon the proposal to the insurance company by the Bahamas-Cuban Company of Seattle, Washington. The logs were cut into lumber by the Rogers Mill Company. The respondent received no pay for them. At one time, when the respondent was pressing the appellant for payment, an arrangement

was made at the suggestion of appellant by which, in order to assist the respondent in its financial affairs, so as to give the appellant further time to pay, notes of the Rogers Mill Company for the total amount payable to the respondent were taken by it, which notes upon maturity were not paid to a bank with which they had been placed as collateral. The notes were returned by the bank to the respondent, and by it in turn tendered back to the appellant.

[1] The theory of the appellant at the trial was that it never purchased the logs, but that the Rogers Mill Company was the purchaser, for which it acted only as an agent. This was the principal question at the trial, as it is on the appeal. It is a question of fact and must be determined, very largely—in fact almost exclusively—by a number of letters and telegrams too voluminous to be set out in full in this opinion. There are some phrases in the correspondence, seized upon by the appellant, that appear favorable to its view, provided they are taken out of their settings, removed entirely from their contexts. Respondent knew the logs were to be taken to the mill at Anacortes. Appellant directed that the tow boat company be allowed to take them for that purpose. That was no concern of the respondent, who by the terms of the contract sold and delivered the logs to the appellant at North Vancouver, B. C. The same may be said of the clearance papers. They were made out that way because the appellant requested it. It is decidedly too much for an opinion of a reasonable length to analyze all these documents and the other evidence. An examination of all of it convinces us to the same effect it did the trial judge who, in summing up the case, said:

"I think it is largely a question of fact in this case, and the facts are to be determined from the correspondence between the parties to a great extent.

"We find at the outset the defendant company, The Bahamas-Cuban Company, is very desirous of securing logs, in fact so desirous that it not only writes a letter, but follows it up with a telegram, saying they want them not for the Rogers Mill Company, but for themselves. In one of their letters they make the statement they are supplying lumber to Dodwell & Company. The plaintiff is not anxious to make the sale. It writes that they have no logs and cannot supply them, and later on they get another letter or telegram or communication from the defendant that they still want the logs and need them very badly, and finally they consent to sell the logs in question.

"The defendant says, 'Send the invoices to the Rogers Mill Company at Anacortes; send us a copy and Dodwell & Company a copy and when we get the invoice then we will have Dodwell & Company credit your account upon the first credit.'

"If the defendant company was in fact representing the Rogers Mill Company in this transaction as the principal and they as the agents and wanted to conceal it, I do not know how they would have gone about it in a different manner to conceal it so successfully, because a reading of the correspondence convinces one they were acting for themselves, acting for that company in the purchase of these logs, for the Bahamas-Cuban Company. And as to the giving of these notes that is not an unusual thing. If there was a contract between the Bahamas-Cuban Company and the plaintiff company, and the defendant had a contract with the Rogers Mill Company for the lumber they were cutting for Dodwell & Company, and the plaintiff was asking for payment and they had not gotten payment from Dodwell & Company, such a transaction would not be unusual. It would not be unusual for the Rogers Mill Company to give their notes payable to the plaintiff company. I think that insurance taken out in the name of the defendant company and the policy received by it, and the letter from the plaintiff company in which it says, 'They will remit for the premiums directly,' shows it was in the plaintiff's mind at least that the logs were sold to the defendant company.

"I will give judgment for the plaintiff as asked for."

[2] It is assigned as error, that the court sustained objections to testimony and to an offer of proof, to the effect that the relation between the appellant and the Rogers Mill Company was that the appellant was only sales' agent on a commission basis for the Rogers Mill Company, and that its connection with this transaction was that of an agent for the mill company, and that the contract when made was the obligation of the Rogers Mill Company. The proof offered was refused, unless there was the additional proof that the respondent was advised that the logs were being purchased on behalf of the Rogers Mill Company. Such additional proof was not given or offered. There was no error in the ruling.

The inquiry in no way concerned the secret understanding between the appellant and the Rogers Mill Company, but who, according to information given the respondent, was the purchaser of the logs? The appellant conducted all the negotiations, including the order for the logs in its own name, and in no way suggested it was acting as agent for another. It does not appear that there had ever been another transaction between the parties.

[3] Another assignment of error is that the court refused to allow a trial amendment of the answer that the taking of the notes of the Rogers Mill Company was in payment of the account. The request to amend was almost at once waived, and later renewed at the close of all the testimony. The point has been argued by respective counsel from several angles. In our opinion it is unimportant whether there should have been or was an amendment as requested, for the reason that each side presented without objection testimony relative to what was said and done leading to, and re-

sulting in, the making and delivery of the notes, from which it satisfactorily appears that the notes were not intended by either party, nor accepted by the respondent, as payment of the account due by the appellant to the respondent.

Affirmed.

TOLMAN, C. J., MAIN, PARKER, and MACKINTOSH, JJ., concur.